UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS, INC., a New York corporation also d/b/a Full Spectrum Lending Division; and FULL SPECTRUM LENDING, INC., a California corporation formerly doing business in Illinois,<br><br>   Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

  Defendants Countrywide Financial Corporation and Countrywide Home Loans, Inc., in their own name and on behalf of the former Full Spectrum Lending division of Countrywide Home Loans, Inc., improperly sued as "Full Spectrum Lending, Inc." (collectively, Countrywide Financial Corporation and Countrywide Home Loans, Inc. are the "Defendants"), by their undersigned attorneys, hereby remove this action currently pending in the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois. Removal is based on 28 U.S.C. § 1332(d) (Class Action Fairness Act of 2005 ("CAFA")); and 28 U.S.C. § 1334 (bankruptcy jurisdiction), and is authorized by 28 U.S.C. §§ 1441 and 1446.

  As grounds for removal, Defendants state as follows:

## BACKGROUND

1. On or about June 29, 2010, the Attorney General of the State of Illinois ("Illinois Attorney General"), on behalf of the named plaintiff the People of the State of Illinois ("Plaintiff"), initiated this action by filing a Complaint ("Complaint") against Defendants with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division, Civil Action No. 10CH27292 (the "State Court Action").

2. The Complaint alleges four counts for alleged violations of the Illinois Human Rights Act, 775 ILCS 5 *et. seq.* ("IHRA") and one count for alleged violations of the Illinois Fairness in Lending Act, 775 ILCS 120 *et. seq.* ("IFLA"). All five counts arise out of the mortgage lending activities formerly engaged in by Countrywide Home Loans, Inc., which the Illinois Attorney General contends were racially discriminatory. Defendants vigorously deny that they engaged in any form of race discrimination, and vigorously deny that any of their lending conduct resulted in racially discriminatory treatment or effects.

3. Removal of this case is proper pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), which entitles a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(d) (CAFA), and 28 U.S.C. § 1334 (bankruptcy jurisdiction).

## CAFA JURISDICTION – 28 U.S.C. § 1332(d)

4. Defendants remove the State Court Action under 28 U.S.C. § 1332 under two separate grounds – first, as a class action under CAFA, as set forth in 28 U.S.C. § 1332(d)(2)-(10); and second, as a mass action under CAFA, as set forth in 28 U.S.C. § 1332(d)(11). Both grounds for removal are pled in the alternative.

**Citizenship of the Parties**

5. Plaintiff is a citizen of Illinois. Although in some instances the Illinois Attorney General is treated as the State of Illinois, and a State is not a citizen for diversity purposes under 28 U.S.C. § 1332, this is not such a case. The Court must look to the real parties in interest to determine the identity of the party for purposes of diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Northern Trust v. Bunge Corp.*, 899 F.2d 591 (7th Cir. 1990) ("[I]t has been generally held that federal courts must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists.").

6. Here, the Illinois Attorney General brings this litigation to vindicate the rights of particular, identified Illinois citizens – African American and Hispanic borrowers who obtained mortgage loans from the Defendants. In instances such as this, the Illinois Attorney General is not seeking to vindicate a sovereign or quasi-sovereign interest and so is not treated as the State for diversity purposes. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607 (1982) (requiring allegations of injury to a "substantial segment of its population" to articulate a sovereign or quasi-sovereign interest); *Louisiana v. Allstate Ins. Co.*, 536 F.3d 418, 427-28 (5th Cir. 2008) (finding that real parties in interest were policies holders whose rights the Louisiana Attorney General sought to vindicate). The Illinois citizens whom the Illinois Attorney General seeks to represent are real parties in interest for purposes of determining diversity of citizenship.

7. Countrywide Financial Corporation is a corporation incorporated in Delaware with its principal place of business in California. As such, Countrywide Financial Corporation is

3

deemed to be a citizen of Delaware and California for the purposes of this litigation. *See* 12 U.S.C. § 1332(c).

8. Countrywide Home Loans, Inc. is a corporation incorporated in New York with its principal place of business in California. As such, Countrywide Home Loans, Inc. is deemed to be a citizen of New York and California for the purposes of this litigation. *See* 12 U.S.C. § 1332(c).

9. Full Spectrum Lending, Inc. no longer exists, having ceased operations in December 2004 when it was merged with and into Countrywide Home Loans, Inc. Following December 2004, Full Spectrum Lending was a division of Countrywide Home Loans, Inc. As a former business division of Countrywide Home Loans, Inc., Full Spectrum Lending is deemed to be a citizen of New York and California for the purposes of this litigation. *See* 12 U.S.C. § 1464(x).

10. Moreover, even if Plaintiff is deemed to be acting both in a quasi-sovereign capacity as well as a nominal party representing the true parties in interest (minority borrowers in Illinois), diversity of citizenship would still exist under 28 U.S.C. § 1332(d) for class actions and mass actions, since at least one of the two true parties in interest on Plaintiff's side of the case – all of Defendants' minority borrowers in Illinois – would have diverse citizenship as compared to Defendants. *See* 28 U.S.C. §§ 1332(d)(2), (7).

**Class Action Diversity Jurisdiction – 28 U.S.C. § 1332(d)(2)-(10)**

11. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a "class action" may be removed to the appropriate United States District Court if (1) any member of the putative class is a citizen of a state different from any defendant, and (2) the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

12. The State Court Action is a "class action" within the meaning of CAFA because it is a "civil action filed under" IHRA and IFLA, effectively on behalf of all African-Americans and Hispanics in Illinois who obtained mortgage loans from Defendants from July 1, 2005 December 31, 2007, and those statutes allow "an action to be brought by one or more representative persons as a class action." *See generally* Complaint. Specifically, Illinois authorizes that civil actions may be certified as a class action in state courts, *see* 735 ILCS 5/2-801, and neither IHRA nor IFLA expressly or implicitly bar a class action suit for alleged violations of those statutes. 775 ILCS 5 *et. seq.*; 775 ILCS 120 *et. seq. See also Allen v. City of Chicago*, 828 F. Supp. 543 (N.D. Ill. 1993) (order on class certification of racial discrimination claim under IHRA).

13. Citizenship of Parties. The requisite "minimal" diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7). There is at least one plaintiff, Illinois minority citizens who are the real parties in interest, that is not of the same citizenship as at least one Defendant, whose citizenship is Delaware, New York, and California.

14. Amount in Controversy. There is more than $5,000,000 in controversy in this action. Under 28 U.S.C. § 1332(d), as amended by CAFA, the amount in controversy is determined by aggregating the amount at issue in the claims of all members of the group on whose behalf the suit is being maintained. 28 U.S.C. § 1332(d)(6).

15. Plaintiff alleges that Defendants implemented a discretionary policy which resulted in minorities receiving higher cost mortgage loans than similarly situated white borrowers. *See*, *e.g.*, Complaint, ¶ 3. Plaintiff also alleges that Defendants intentionally discriminated against minority borrowers by "steering" such borrowers into more subprime mortgages than similarly situated white borrowers. *See*, *e.g.*, Complaint, ¶ 4. Accordingly,

5

Plaintiff seeks to obtain, among other things, "an Order requiring Defendants to make restitution to all borrowers affected by [the alleged discrimination] in the origination of Countrywide residential mortgage loans." *See*, *e.g.*, Complaint ¶¶ 169-173, Prayer for Relief ¶ C. Prior to the filing of this lawsuit, the Illinois Attorney General informed Defendants that it had calculated that such restitution would exceed $5,000,000.00.

16. Pre-suit assertions as to the value of claims are sufficient to determine, and ultimately satisfy, the amount in controversy requirements for removal to this Court. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

17. In addition, apart from the content of Plaintiff's pre-suit communications, Defendants assert that the amount in controversy is met in this case. The Complaint alleges that 6,000 borrowers from 2005 through 2007 alone are affected, and that the group includes persons who were overcharged at closing, or paid excessive interest during the loan repayment period, or both.

18. <u>Jurisdiction is Mandatory</u>. Jurisdiction is mandatory, not discretionary, under CAFA because Defendants are not citizens of Illinois – *i.e.*, "the state in which th[is] action was originally filed." 28 U.S.C. § 1332(d)(3).

19. <u>No CAFA Exceptions Apply</u>. Although Defendants denies that it is their burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), and (9) apply, none do.

**Mass Action Diversity Jurisdiction – 28 U.S.C. § 1332(d)(11)**

20. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a litigation may be considered a "mass action," and therefore removed to the appropriate United States District Court, if (1) the litigation involves monetary claims brought by 100 or more persons proposed to

6

be tried jointly; (2) such claims involve common questions of law or fact; and (3) all other requirements of 28 U.S.C. § 1332(d)(2)-(10) are met, including the requirement that the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d)(11)(B).

21. The State Court Action is a "mass action" within the meaning of CAFA. Plaintiff alleges that more than 6,000 minority borrowers would be entitled to recover monetary damages for the time period of 2005 to 2007 alone. *See* Complaint, ¶ 5. Thus, the State Court Action seeks to recover damages for 100 or more persons. Further, the Complaint claims that a single alleged policy implemented by Defendants resulted in the damages claimed in the Complaint, and such policy was created and implemented by Defendants whose principal places of business are in California. *See generally* Complaint. Such common conduct creates at least one "common question of law or fact" required for "mass actions." This action does not fit within any of the exceptions set forth in 28 U.S.C. §1332(d)(11)(B)(ii) to an action being a "mass action;" in particular, it is not an action in which all the claims made in the case are asserted on behalf of the general public and not on behalf of individual claimants (*see* 28 U.S.C. §1332(d)(11)(B)(ii)(III)), for the reasons set forth above, and this action does not arise exclusively from events or occurrences in Illinois, because Plaintiff alleges a companywide policy formulated and implemented by these California-based corporations, pricing policies that are at issue in this action were formulated outside Illinois, and some of the loans at issue to the subject borrowers were negotiated or made outside of Illinois (*see* 28 U.S.C. §1332(d)(11)(B)(ii)(I)). Therefore, because the State Court Action meets these requirements, and the requirements of 28 U.S.C. § 1332(d)(2)-(10) as set forth below, it is a "mass action" for purposes of removal under CAFA.

22. <u>Citizenship of Parties</u>. As discussed on Paragraph 13 *supra*, the requisite diversity of citizenship exists for removal of a mass action.

23. <u>Amount in Controversy</u>. As set forth in Paragraphs 14 through 17 *supra,* the aggregate claims brought by the real parties in interest exceed $5,000,000.00. While Defendants deny that Plaintiff or any putative class member are entitled to recover any amount, and specifically deny that Plaintiff or any putative class member are entitled to the relief in the various forms sought, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

24. <u>Jurisdiction is Mandatory</u>. Jurisdiction is mandatory, not discretionary, under CAFA because Defendants are not citizens of Illinois – *i.e.*, "the state in which th[is] action was originally filed." 28 U.S.C. § 1332(d)(3).

25. <u>No Exceptions Apply</u>. Although Defendants denies that it is their burden to show that exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(11) apply, none do.

## **BANKRUPTCY JURISDICTION – 28 U.S.C. § 1334**

26. In the alternative, and only in the event the Court finds that it does not have jurisdiction based on CAFA grounds, the claims asserted against the Defendants in this action are removable based on federal bankruptcy jurisdiction, pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1441, and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, because this is a civil action "related to" one or more cases under the Bankruptcy Code. *See* 28 U.S.C. § 1334(b). In that event, Defendants will file an appropriate motion to withdraw any referral to bankruptcy court and for this case to be pending for resolution in the district court.

27. This action is brought on behalf of Illinois citizens of African American or Hispanic heritage who obtained a mortgage loan from Defendants. Many of those borrowers

8

subsequently filed bankruptcy proceedings in United States bankruptcy courts within the last five years. Since June 1, 2005, Countrywide Home Loans, Inc. originated 23,809 first and second lien mortgage loans, excluding home equity lines of credit, to borrowers identified as African-American or Hispanic with property addresses in Illinois. Declaration of Davis Lee ("Lee Decl.") at ¶ 3, attached hereto as Exhibit A.[1] Of those 23,809 loans, 1,834 loans involved borrowers who have sought relief in United States bankruptcy courts ("debtors"). Lee Decl. at ¶ 4.[2] Defendants will, at the appropriate time, be prepared to attempt to identify the names and case numbers of some or all of the debtors who sought relief in bankruptcy court.

28. Some or all of the claims asserted in the instant case are pre-petition assets that belong to the estates of debtors rather than to the debtors individually. These claims are property of the bankruptcy estates under 11 U.S.C. §§ 541 and 1306(a). Even though some of the bankruptcy cases have been closed, or the debtors have been discharged, the claims remain the property of the bankruptcy estates, and not of the individual debtors, if the debtors failed to schedule those claims under 11 U.S.C. § 521(1) and/or those claims were not exempt and/or were not administered or abandoned during the bankruptcy case. *See* 11 U.S.C. § 554(d). To the extent a debtor in a pending or previous bankruptcy case has raised claims similar to those raised in this case, the claims are part of the estate or are already at issue in bankruptcy cases. This Court has original and exclusive jurisdiction over claims and over property of the various bankruptcy cases filed in this district, including the claims asserted in the instant (state court) case filed by the Illinois Attorney General.

---

[1] In the Complaint, the Illinois Attorney General claims that 6,000 minority borrowers were harmed by Defendants' alleged conduct. Complaint, ¶ 5. Defendants are unaware at the present time the identity of these borrowers, and so are unable to state which 6,000 of its 23,809 minority Illinois borrowers from June 1, 2005 through present have been identified by the Illinois Attorney General.

[2] Countrywide Financial Corporation did not originate mortgage loans at all during this time period and does not originate mortgage loans today. Lee Decl. at ¶ 5.

9

29. If the Court exercises jurisdiction based on bankruptcy removal, and to the extent a separate jurisdictional basis is required as to claims brought on behalf of persons other than debtors, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

30. 28 U.S.C. § 1367(a) creates for a "broad grant of supplemental jurisdiction" over matters within the "same case or controversy" as an action for which this Court would have jurisdiction. *See Exxon-Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 558 (2005) (holding, in diversity jurisdiction removal claim, that if some plaintiffs have claims within the court's "original jurisdiction," then "§ 1367(a) confers jurisdiction over all claims . . . if the claims are part of the same Article III case or controversy"). Here, the Plaintiff seeks to bring identical claims on behalf of both debtors and non-debtors, alleging the same wrongful actions and the same damages claims. As the claims of the debtors properly belong before the federal courts due to their bankruptcy filings, the Court has supplemental jurisdiction over the claims of the non-debtors because they are so related to the claims brought on behalf of debtors that they form part of the same case or controversy under Article III of the United States Constitution.

31. Although filed by the Illinois Attorney General, this action is not properly understood as an exercise of regulatory or police power under 28 U.S.C. § 1452(a) because it seeks to protect a pecuniary interest in property of the debtors or their bankruptcy estates. *See FTC v. First Alliance Mortg. Co.*, 264 B.R. 634, 646 (Bankr. C.D. Cal. 2001) (citing legislative history of the police power removal exception stating that it "is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in

10

property of the debtor, or property of the state"). Therefore, bankruptcy removal is proper here pursuant to 28 U.S.C. § 1334.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

32. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed – Chicago, Cook County, Illinois. *See* 28 U.S.C. §1446(a).

33. <u>Removal is Timely</u>. The defendants are entitled to remove the State Court Action at any time up to 30 days after service of a copy of the summons and initial pleading setting forth the claim for relief on which the action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Defendants executed and returned a waiver of service requested by the Illinois Attorney General on July 28, 2010, which is the date service was effective under state law. Therefore, the Notice of Removal is timely because it is being filed with the United States District Court for the Northern District of Illinois within 30 days after service. *See Brown v. Macon-Bibb County Planning & Zoning Commission*, No. 5:07-cv-00161-HL, 2007 WL 2212659 at *1 (M.D. Ga. July 30, 2007); *Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367, 1370 n.1 (N.D. Ga. 2006); *Phoenix Container, L.P. ex rel. Samarah v. Sokoloff*, 83 F. Supp. 2d 928, 932-33 (N.D. Ill. 2000).

34. <u>Pleadings and Process</u>. Attached hereto as Exhibit B is a copy of all process, pleadings, and orders in Defendants' possession that have been filed in the State Court Action. *See* 28 U.S.C. § 1446(a). Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

35. <u>Notice</u>. Defendants will promptly serve upon Plaintiff's counsel, and file with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division, a Notice of Removal to

11

All Adverse Parties. *See* 28 U.S.C. §§ 1446(a), (d). A copy of the Notice of Removal to All Adverse Parties is attached hereto as Exhibit C with its exhibits omitted. Defendants will also file with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit D with its exhibits omitted.

36. <u>Consent to Removal</u>. All Defendants consent to removal of this action under traditional diversity and bankruptcy jurisdiction. Full Spectrum Lending, Inc. does not currently exist, but rather is a former division of Countrywide Home Loans, Inc., which consents to the removal of this matter. To the extent separate consent is required from Full Spectrum Lending, Inc., Countrywide Home Loans, Inc. consents on its behalf.

37. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

38. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

39. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1334, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Illinois, as an action properly removed thereto.

Respectfully submitted,

COUNTRYWIDE FINANCIAL
CORPORATION and COUNTRYWIDE
HOME LOANS INC. sued in its own name
and as "FULL SPECTRUM LENDING, INC."

By their attorneys,

<u>/s/ Albert L. Hogan, III</u>
Albert L. Hogan, III (Bar No. 6243125)
al.hogan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, IL 60606-1720
T (312) 407-0700
F (312) 407-0411

Thomas M. Hefferon (N.D. Ill. No. 90785220)
thefferon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, DC 20001
T (202) 346-4000
F (202) 346-4444

Of Counsel:

Anand S. Raman (pro hac vice to be filed)
John H. Beisner (pro hac vice to be filed)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
T (202) 371-7000
F (202) 393-5760

James W. McGarry (pro hac vice to be filed)
Brook L. Ames (pro hac vice to be filed)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
T (617) 570-1000
F (617) 523-1231

Dated: August 26, 2010

13

LIBA/2109919.6

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2010, a true and correct copy of the foregoing document was served by first class mail on the following counsel of record:

Deborah Hagan
Michelle Garcia
OFFICE OF THE ATTORNEY GENERAL – STATE OF ILLINOIS
CONSUMER FRAUD DIVISION
100 W. Randolph St.
Chicago, Illinois 60601

                                             s/ Albert L. Hogan, III
                                             Albert L. Hogan, III